# NO. 12-12-00104-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MANUEL CLERKLEY,* *APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant Manuel Clerkley was charged by indictment with intoxication manslaughter. The indictment alleged that Appellant had two prior felony convictions and that he used a deadly weapon (a motor vehicle) during the commission of the offense. Appellant entered a plea of guilty and pleaded true to one of the enhancement allegations and to the deadly weapon allegation. A jury assessed Appellant's punishment at life imprisonment. The trial court assessed $452.00 in court costs and $1,731.81 in attorney fees against Appellant. Appellant presents three issues on appeal. We modify the trial court's judgment and affirm as modified.

## BACKGROUND

On June 1, 2009, at approximately 8:55 a.m., Officers Chad Walker and Jason Bosher responded to a report of an auto accident at 600 South Palestine Street in Athens, Texas. They found that a vehicle had collided "head on" with a tree. Appellant was in the driver's seat, and Michelle Coaster was in the front passenger seat. Both were unresponsive and appeared to be severely injured. Within minutes they were taken by ambulance to the emergency room of East Texas Medical Center in Athens. Michelle Coaster died of the injuries sustained in the accident.

On the floorboard of the wrecked vehicle, Officer Bosher found an empty bottle for medicine prescribed for Appellant. Although the officers could not tell what kind of medicine the bottle had contained, the discovery led them to suspect that Appellant might have been intoxicated at the time of the accident.

Blood and urine taken from Appellant at the hospital were obtained and submitted for testing. The analysis of Appellant's blood showed .05 milligrams of cocaine per liter together with benzoylecgonine, a cocaine metabolite. Appellant's urine analysis showed marijuana. After his release from the hospital and while he was in the Henderson County Jail, Appellant told Athens police detective William Carlow that he had drank two or three beers and used a controlled substance about four hours before the accident. At trial, Appellant testified that he drank three beers and used crack cocaine several hours before the accident. Appellant told the jury that he was not intoxicated at the time of the accident, but that he apparently went to sleep at the wheel. "I just passed out," he said.

## GUILTY PLEA

In his first issue, Appellant claims the trial court committed reversible error when it failed, sua sponte, to withdraw his plea of guilty when the evidence at trial reasonably and fairly raised a question of fact regarding his innocence.

### Applicable Law

In *Mendez v. State*, 138 S.W.3d 334 (Tex. Crim. App. 2004), the appellant pleaded guilty to the charge of murder. During the jury trial on punishment, the appellant testified that he did not mean to shoot and kill the victim. In his appeal, he contended that the trial court, on hearing his testimony, should have sua sponte withdrawn his plea of guilty. The court of criminal appeals held that a trial court has a duty only to consider a defendant's request to withdraw his plea and that it is reasonable to require a defendant to timely seek to withdraw his plea of guilty. *Id.* at 350. When a defendant does not do so, "he may not complain for the first time on appeal that the trial court did not do it for him." *Id.* In failing to raise the issue in the trial court by timely and specific objection, Appellant forfeited his right to complain on appeal. *Id.*; TEX. R. APP. P. 33.1; *see also Salinas v. State*, 282 S.W.3d 923, 924 (Tex. App.—Fort Worth 2009, pet. ref'd).

Appellant made no attempt to withdraw his guilty plea. Nor did he object to the trial court's failure to change his plea on its own motion. Therefore, he forfeited his right to complain on appeal.

2

Appellant's first issue is overruled.

<h1 style="text-align:center">HEARSAY</h1>

In his second issue, Appellant maintains the trial court committed reversible error when it admitted hearsay evidence over his objection.

**Applicable Law**

"Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d). Hearsay is not admissible except as provided by statute or by the rules of evidence or by other rules prescribed pursuant to statutory authority. TEX. R. EVID. 802. To preserve error for appellate review, the defendant must make a timely, specific objection and obtain a ruling on that objection. TEX. R. APP. P. 33.1(a)(1). "An error in the admission of evidence is cured when the same evidence comes in elsewhere without objection." *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003).

**Discussion**

Appellant argues that the trial court reversibly erred when it admitted, over his objection, the testimony of Detective Carlow about what the DPS lab forensic scientist had told him.

During the direct examination of Detective Carlow, the following exchange occurred:

Q: Based on these lab reports, based upon the story that the Defendant told you in jail, and based upon the evidence that you reviewed of the wreck that occurred on June 1st, 2009, did you have probable cause to believe that the Defendant was intoxicated during this wreck?

A: Well, I made a phone call to the lab first before I made the conclusion.

Q: Okay. And what was your - - what was the purpose of you making that phone call to the lab?

A: Well, not being a chemist or anything, I wanted to see - - the lab stated there was so many milligrams per liter, things of that nature, I wanted to see if the lab forensic scientist could tell me, based on the amount of cocaine that was in his blood, if they could say how long it was that was in his blood, if they could say how long it was that the subject may have used it prior to this blood being taken.

[DEFENSE COUNSEL]: Your Honor, I will object because he's getting ready to get into hearsay about what someone at a lab told him and how to interpret the report.

THE COURT: All right. The objection's overruled at this point.

[Q]: All right. Based upon this conversation that you had with the lab, did you make a determination, based upon all the evidence that you had, on whether or not the Defendant was intoxicated during this

wreck?

A: Yes.

Q: And what was the determination, based on your opinion?

A: I had probable cause to believe that he was under the influence.

On cross examination of Detective Carlow, Appellant's attorney elicited the following testimony as to why he believed the wreck was the result of Appellant's intoxication:

> Q: And you can sit here and say under your training and experience, that he must have been under the influence of an illegal substance or legal substance, which caused this wreck?
>
> A: Yes.
>
> Q: And how is that?
>
> A: Through the conversation I had with the DPS lab forensic scientist.

Even assuming Detective Carlow's testimony was objectionable hearsay, and further assuming Appellant's objection was timely, error was cured by the subsequent admission of the same or similar evidence without objection. *See Newland v. State*, 363 S.W.3d 205, 210 (Tex. App.–Waco 2011, pet. ref'd) (any error in admitting hearsay cured when appellant elicits same information from same witness on cross examination without objection). Appellant's second issue is overruled.

### COSTS AND ATTORNEY FEES

In his third issue, Appellant complains the record is insufficient to support the trial court's order that Appellant pay $452.00 in court costs and attorney's fees. A claim of insufficient evidence to support an order to pay court costs and attorney's fees is reviewable on direct appeal in a criminal case. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We determine sufficiency by reviewing the record in the light most favorable to the trial court's order. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). We shall address the sufficiency of the evidence supporting court costs and attorney fees separately.

**Costs**

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or

4

proceeding is transferred or appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). "A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." *Id*. art. 103.001 (West 2006). The rules of appellate procedure permit supplementation of the clerk's record "[i]f a relevant item has been omitted." *See* TEX. R. APP. P. 34.5(c)(1).

The code of criminal procedure does not require that a certified bill of costs be filed at the time the trial court signs the judgment of conviction or before a criminal case is appealed. *See* TEX. CODE CRIM. PROC. ANN. arts. 103.001, 103.006. But when a trial court's assessment of costs is challenged on appeal and no bill of costs is in the record, it is appropriate to supplement the record pursuant to Rule 34.5(c) because a bill of costs is required by Article 103.006. *See* TEX. R. APP. P. 34.5(c); TEX. CODE CRIM. PROC. ANN. art. 103.006.

Following Appellant's challenge to the sufficiency of the evidence supporting the trial court's order that he pay $452.00 in court costs, the district clerk of Henderson County supplemented the record with a bill of costs for $452.00. We have determined that each fee listed is authorized by statute. The evidence supporting the order to pay court costs is sufficient. Appellant's third issue, as it relates to court costs and not attorney's fees, is overruled.

**Attorney's Fees**

The code of criminal procedure provides that an attorney appointed by the court to represent a defendant shall be paid a reasonable attorney's fee. TEX. CODE CRIM. PROC. ANN. art. 26.05(a) (West Supp. 2012). However, before ordering the defendant to reimburse the county for the fee of his court appointed counsel, the trial court must determine that the defendant has the ability to pay, in part or in whole, the cost of the legal services provided him. TEX. CODE CRIM. PROC. Ann. art. 26.05(g) (West Supp. 2012); *Mayer*, 309 S.W.3d at 556. "[A] defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." *Mayer*, 309 S.W.3d at 557.

Based upon Appellant's financial affidavit and application for appointed counsel, the Indigent Defense Coordinator of Henderson County designated an attorney to represent Appellant. There is nothing in the record that might serve to overcome the presumption that Appellant remained indigent.

5

There is no evidence that the trial court conducted an inquiry into his financial circumstances. Six days after his sentence commenced, the court appointed another attorney to represent Appellant on appeal based upon his indigency. In the absence of evidence to show Appellant's ability to pay the cost of his representation, or a part thereof, the trial court erred in ordering the reimbursement of court appointed attorney's fees. Appellant's third issue is sustained insofar as it relates to the trial court's order that he pay attorney's fees.

## DISPOSITION

We have overruled Appellant's first and second issues and part of his third issue, but have sustained his third issue in part. Accordingly, we modify the judgment to delete the portion requiring Appellant to pay $1,731.81 in attorney's fees. As *modified*, the judgment is *affirmed*.

## BILL BASS
Justice

Opinion delivered June 25, 2013.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, J., Retired Justice, Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JUNE 25, 2013

### NO. 12-12-00104-CR

### MANUEL CLERKLEY,
Appellant

v..

### THE STATE OF TEXAS,

Appeal from the 173rd Judicial District Court of
Henderson County, Texas (Tr. Ct. No. C-17,731)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of the Court that the judgment of the trial court should be **MODIFIED** and as **MODIFIED**, **AFFIRMED**.

It is therefore ORDERED, ADJUGED and DECREED that the judgment of the court below be **MODIFIED** to **DELETE THAT PORTION REQUIRING APPELLANT TO PAY $1,731.81 IN ATTORNEY'S FEES;** that **as MODIFIED**, the judgment of the trial court is **AFFIRMED**; and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, J., Retired J.,*
*Twelfth Court of Appeals, sitting by assignment.*